

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANTHOSH K. PAUL,

                         Plaintiff,

    -against-

STATE OF NEW YORK d/b/a
ANNE DONNELLY [sic] and UNITED STATES
[sic], G. KEVIN LUDLOW, SALLY THOMPSON,
ELLEN ALEXANDER and GARY
MORGIEWICZ,

                         Defendants.
------------------------------------------------------------X

ORDER
13-CV-5047 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  NOV 05 2013  ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.    Introduction

On September 11, 2013, *pro se* plaintiff Shanthosh K. Paul ("plaintiff"): (1) filed a document designated as a "Judicial Notice," which the court construes to be a complaint, against defendant "the State of New York d/b/a Anne Donnelly"[1]; and (2) paid the appropriate filing fee. By order dated October 11, 2013, the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, granted plaintiff leave to amend the complaint to add G. Kevin Ludlow, Sally Thompson, Ellen Alexander and Gary Morgiewicz as additional defendants (collectively, "the individual defendants"). On October 21, 2013, plaintiff filed an amended complaint against "State of New York d/b/a Anne Donnelly and United States" and the individual defendants. For the reasons set forth below, the amended complaint is *sua sponte* dismissed with prejudice.

---

[1] In the original complaint, plaintiff also designated "United States Ex relatione Santhosh K. Paul© [sic]" as an intervenor in this case. In the amended complaint, the United States is only included as a "d/b/a" name of the State of New York. The Clerk of the Court is directed to correct the docket to reflect that the United States is not designated as a separate defendant in this action.

II.     Background

In the amended complaint, plaintiff alleges: (1) that he "is a State Citizen, not a citizen of the United States as defined within the Fourteenth Amendment to the Constitution of the United States," (Amended Complaint ["Amend. Compl."], ¶ 1; see also Amend. Compl., at 9); and (2) that he "is a Non-Adverse, Non-Belligerent, Non-Combatant, and Secured Party/Bailor for the Private Trust, Santhosh-Paul © [sic] and has declared his proper Legal Status and relation to the 'State of NEW YORK' i.e. 'Republic of NEW YORK,' and to the de facto compact (corporate) Commercial STATES including, but not limited to, 'THE STATE OF NEW YORK,' or by whatever name it may be known or hereafter named * * *," (Amend. Compl., ¶ 2). According to plaintiff, since he "is a State Citizen, a flesh and blood man domiciled in Nassau County * * * [he is] not subject to the jurisdiction of the STATE OF NEW YORK[²]." (Amend. Compl., ¶ 6).

Plaintiff alleges that "[t]he NASSAU County Prosecuting Attorney d/b/a: ANNE DONNELLY and/or her successor(s), assign(s) and agent(s) known as Assistant Prosecuting Attorney is/are representing her client, THE STATE OF NEW YORK." (Amend. Compl., at 4). According to plaintiff, "[t]he Secured Party Trust challenges the ability of the STATE OF NEW YORK, and the NEW YORK STATE PAROLE BOARD being a party to the action and having standing to sue." (Amend. Compl., at 4).

Plaintiff further alleges that the "STATE OF NEW YORK COURTS situated in the State of NEW YORK are not Article III Constitutional courts, and they are not Article I territorial courts, known as State of NEW YORK District Courts[,] [so] [i]t is fair to say they are, in fact, 'outlaw' courts which do not exists [sic] by laws of the United States." (Amend. Compl., at 7).

---

² Plaintiff refers to the State of New York (only first letters capitalized) and THE STATE OF NEW YORK (all letters capitalized) as two (2) separate and distinct entities.

2

Plaintiff seemingly challenges the jurisdiction of the New York state courts to conduct criminal prosecutions for offenses committed within or against the State of New York. (Amend. Compl., at 5-8). Plaintiff also contends that "the STATE OF NEW YORK" does not have standing to sue, (Amend. Compl., at 7-8), and, thus, "[v]irtually every initiative in both civil and criminal actions is, in fact, defective by virtue of being without lawful authority," (Amend. Compl., at 8). Plaintiff seeks to compel "the State of New York and its agencies operating under the entity of THE STATE OF NEW YORK [to] prove lawful personal and subject Matter jurisdiction over [him] or any private citizen." (Amend. Compl., at 8). According to plaintiff, "[o]nce jurisdiction is Challenged, it must be proven," (Amend. Compl., at 9 (internal quotations and emphasis omitted)), and if jurisdiction cannot be proven, "all charges [against him] shall become null and void and the release or [sic] property shall be released [P.R.C./Parole] from the State of [sic], its Agency(s), Sub-Agency(s), Agent(s) and Subordinates, including but not limited to, the Department of Rehabilitation and Corrections." (Amend. Compl., at 9).

Plaintiff also alleges "that the New York Department of Rehabilitation and Correction, as well as, the New York Adult Parole Authority did [sic] not and does [sic] not have lawful jurisdiction over [him]," (Amend. Compl., at 8) (emphasis omitted), and, thus, do not have "authority over or power to enforce any debt(s), duty(s), fee(s), fine(s) or obligations upon [him]." (Amend. Compl., at 8). In addition, plaintiff alleges that "[w]hile those Agent(s) in administrative positions, such as the New York Secretary of State, have confirmed the validity of [his] lawful status as a State Citizen not bound by the restriction of a Fourteenth Article of Amendment Constitutional citizen, State of New York agency known as the New York Department of Rehabilitation and Correction believes that they are not required to recognize commercially registered instruments[.]" (Amend. Compl., at 9).

3

III.    Discussion

District courts have the inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000); see also Houston v. Manheim-New York, 475 Fed. Appx. 776, 779 (2d Cir. Apr. 11, 2012), cert. denied sub nom Houston v. Dow Lohnes PLLC, 133 S. Ct. 654, 184 L. Ed. 2d 461 (2012) (summary order) (accord). A complaint * * * is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "The term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

"[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, * * * a category encompassing allegations that are fanciful, * * *, fantastic, * * * and delusional * * *." Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quotations and citations omitted); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33, 112 S. Ct. 1728.

A court may also dismiss a claim as frivolous "if it is based on an 'indisputably meritless legal theory.'" Montero v. Travis, 171 F.3d 757, 759-60 (2d Cir. 1999) (quoting Neitzke, 490 U.S. at 327, 109 S. Ct. 1827); see also Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (accord). "A claim is based on an 'indisputably meritless legal theory' when either the claim lacks an arguable basis in law, * * * or a dispositive defense clearly exists on the face of the complaint." Livingston, 141 F.3d at 437 (citations omitted).

4

Moreover, although district courts "must construe [a *pro se*] complaint liberally, reading it with special solicitude and interpreting it to raise the strongest claims that it suggests[,]" J.S. v. T'Kach, 714 F.3d 99, 103 (2d Cir. 2013); see also Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (accord), a *pro se* complaint that is frivolous may nonetheless be dismissed *sua sponte*. See, e.g. Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999) (affirming *sua sponte* dismissal of frivolous *pro se* complaint); Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998) (accord).

It is clear from plaintiff's amended complaint and the Uniform Commercial Code ("UCC") financing statements attached thereto[3], that he is an adherent of the "sovereign citizens" movement, see, e.g. Santiago v. Century 21/PHH Mortgage, No. 1:12-cv-2792, 2013 WL 1281776, at * 3-4 (N.D. Ala. Mar. 27, 2013), which the Second Circuit has described as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." United States v. Ulloa, 511 Fed. Appx. 105, 106 n. 1 (2d Cir. Feb. 14, 2013) (summary order); see also Gravatt, 100 Fed. Cl. at 282 ("So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."); Colar v. Heyns, No. 1:12-cv-1269, 2013 WL 141138, at * 3 (W.D. Mich. Jan. 11, 2013) ("The 'sovereign citizen movement' is well documented. The Federal Bureau of Investigation has classified 'sovereign citizens' as domestic terror threats

---

[3] As noted by one court, those who subscribe to the "sovereign citizens" movement "believe that the 1933 House Joint Resolution 192 provides the legal basis for 'sovereign citizens' to collect money held by the Government in the trust when they file one or more [UCC] financing statements, naming themselves as both the secured party and the debtor." Rivera v. United States, 105 Fed. Cl. 644, 646 (Fed. Cl. 2012) (citing Bryant v. Washington Mut. Bank, 524 F. Supp. 2d 753, 758 (W.D. Va. 2007), aff'd, 282 Fed. Appx. 260 (4th Cir. June 23, 2008) (citing H.R.J. Res. 192, 73d Cong. (1933))); see also Gravatt v. United States, 100 Fed. Cl. 279, 283 (Fed. Cl. 2011).

5

because they are anti-government extremists. * * * Moreover, in the context of challenges to income-tax prosecutions, the Supreme Court has held that beliefs about taxation held by self-described sovereign citizens are unreasonable and, when acted on, illegal." (citations omitted)). The gravamen of plaintiff's amended complaint is that as a sovereign citizen, he is not subject to the jurisdiction of the New York state criminal courts and, by extension, the "New York Department of Rehabilitation and Correction" and "New York Adult Parole Authority."

Contrary to plaintiff's contentions, "sovereign citizens," "like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." Bey v. Bailey, No. 09 Civ. 8416, 2010 WL 1531172, at * 2 (S.D.N.Y. Apr. 15, 2010) (citing cases)[4]; see also Atum v. Ricigliano, No. 12-cv-2447, 2012 WL 3230529, at * 2 (E.D.N.Y. July 31, 2012) (finding similar claims by Moorish Nationals, i.e., that they are not subject to New York State laws, to be "meritless"). Plaintiff's purported status as a "sovereign citizen" "does not enable him to violate state and federal laws without consequence." Allah El v. District Attorney for Bronx County, No. 09-cv-8746, 2009 WL 3756331, at * 1 (S.D.N.Y. Nov. 4, 2009); see also Bey v. American Tax Funding, No. 11-cv-6458, 2012 WL 1495368, at * 6 (W.D.N.Y. Apr. 27, 2012). Since, *inter alia*, plaintiff's factual allegations in the amended complaint are clearly baseless, and "[t]he conspiracy and legal revisionist theories of 'sovereign citizens' are not established law in this court or anywhere in this country's valid legal system," Santiago, 2013 WL 1281776, at * 5, plaintiff's amended complaint is both factually and legally frivolous. Accordingly, the amended complaint is *sua sponte* dismissed as frivolous.

---

[4] Although Bey involved the Moorish Americans group, not "sovereign citizens," at least one (1) court has recognized the interplay between the two (2) groups. See Minister Truth Ali ex rel. Williams v. New Jersey, Civ. A. No. 12-2797, 2012 WL 4959488, at * 4 (D. N.J. Oct. 17, 2012).

6

Even liberally read, there is nothing in either the original complaint or amended complaint to suggest that plaintiff "has a claim that [he] has inadequately or inartfully pleaded and that [he] should therefore be given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Lastra v. Barnes & Noble Bookstore, 523 Fed. Appx. 32, 33-34 (2d Cir. June 25, 2013) (summary order) (accord). Since the "problem with [plaintiff's amended] complaint is substantive[,] better pleading will not cure it[] [and] [r]epleading would thus be futile," Cuoco, 222 F.3d at 112, plaintiff's amended complaint is dismissed in its entirety with prejudice.

IV. Conclusion

For the reasons set forth above, plaintiff's amended complaint is *sua sponte* dismissed in its entirety with prejudice as frivolous. The Clerk of Court shall enter judgment in favor of defendants; close this case; and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff and record such service on the docket.

**SO ORDERED.**                             s/ Sandra J. Feuerstein

                                            Sandra J. Feuerstein
                                            United States District Judge

Dated: November 5, 2013
       Central Islip, New York